

**U.S. Department of Justice**

Environment and Natural Resources Division

---

*Appellate Section*  
*P.O. Box 7415*  
*Washington, DC  20044*

*Telephone (202) 514-2748*  
*Facsimile (202) 353-1873*

September 19, 2023

Lyle W. Cayce　　　　　　　　　　　　VIA ELECTRONIC FILING  
Clerk of Court  
U.S. Court of Appeals for the Fifth Circuit  
600 S. Maestri Place, Suite 115  
New Orleans, LA 70130

　　　　Re: *Citizens for Clean Air v. U.S. Department of Transportation*, No. 23-60027

Dear Mr. Cayce:

　　Contrary to Petitioners' assertions, Pet. Letter 1, *Eagle County v. Surface Transportation Board*, No. 22-1019, 2023 WL 5313815 (D.C. Cir. Aug. 18, 2023), is a fact-bound decision that is not "pertinent and significant" to this case. Fed. R. App. P. 28(j).

　　**1. Oil Spill Risk**: In *Eagle County*, the court held that the Surface Transportation Board's analysis of accidents with environmental consequences was inadequate because the Board relied on national derailment data rather than regional data "without explanation," made an "utterly unreasoned" assertion that an increase in rail traffic would not result in significant wildfire risk, and offered "no citations" in the Final EIS that referenced the impact to downstream water resources but merely stated that such impacts were considered. *Eagle Cty.*, at *17–19. In contrast here, MARAD and the Coast Guard conducted extensive oil spill modeling that allowed the agencies to take a hard look at the impact and likelihood of various spill sizes. *See* Resp. Br. 17–20.

　　**2. Licensing**: In *Eagle County*, the court held that the Board's licensing analysis was inadequate because it did not seriously weigh the proper factors under the Board's organic statute (a different statute than the Deepwater Port Act) and "fail[ed] to demonstrate any serious grappling with the significant potential for environmental harm stemming from the project." *Eagle Cty.*, at *26–28. Here, MARAD's findings under the Deepwater Port Act that the Port would protect the environment more than current oil-export methods and would be consistent with the national policy goal of energy sufficiency were well supported by record evidence. *See* Resp. Br. 55–57.

　　**3. Alternatives**: *Eagle County* is inapposite because it did not analyze the agency's alternatives analysis under NEPA. Here, MARAD and the Coast Guard complied with NEPA by considering reasonable project alternatives and appropriately considering reasonably foreseeable future development in the environmental baseline. *See* Resp. Br. 38–48.

**4. Vacatur**: In *Eagle County*, the court recognized that remand without vacatur is proper if an order's deficiencies can be redressed on remand and if vacatur would result in disruptive consequences. *Eagle Cty.*, at *28–29.

Respectfully Submitted,

/s/ Ezekiel A. Peterson
Ezekiel A. Peterson
U.S. Department of Justice
Environment & Natural Resources Division
P.O. Box 7415
Washington, DC 20044
(202) 598-6399
ezekiel.a.peterson@usdoj.gov

## **CERTIFICATE OF SERVICE**

I certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system on September 19, 2023. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*/s/ Ezekiel A. Peterson*
Ezekiel A. Peterson
